UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| David McElveen, #321043, | ) | C/A No.  4:18-3595-JMC-TER |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| South Carolina Department of Corrections, | ) | |
| Bryan P. Stirling, | ) | |
| Michael McCall, | ) | |
| Michael Stephon, | ) | |
| Gregory Washington, | ) | |
| | ) | |
| Defendants. | ) | |

_____

This is a civil action filed by a state prisoner, proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1) and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § 1915(e).

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir.1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief

may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *See Neitzke*, 490 U.S. at 327.

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges Defendants have refused Plaintiff any recreation since April 15, 2018, due to a state-wide lockdown. Plaintiff alleges

he has been denied regular showers. Plaintiff alleges he has suffered from loss of muscle mass, and other injuries. Plaintiff requests injunctive relief and monetary damages.

Plaintiff provides sufficient factual allegations to withstand summary dismissal of Defendants Stirling, McCall, Stephon, and Washington. In a separately docketed order, the court has authorized issuance and service of process on these Defendants.

**Defendant SCDC**

Plaintiff's Amended Complaint fails to state a claim as to Defendant SCDC.

Section 1983 " is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). Under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In order to assert a plausible § 1983 claim against any particular state actor, a "causal connection" must exist between the conduct alleged by the plaintiff and the particular defendant named in the suit. *See Kentucky v. Graham*, 473 U.S.159, 166 (1985); *Rizzo v. Good*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury resulting from a specific defendant's specific conduct and must show an affirmative link between the injury and that conduct); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (for an individual to be liable under § 1983, the Plaintiff must show that the defendant named acted personally in the deprivation of the

3

plaintiff's rights).

SCDC is not a person for purposes of liability under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *see also McElrath v. S.C. Dep't of Corr./Golden*, No. 5:13-317-MGL, 2013 WL 1874852, at *2 (D.S.C. May 3, 2013). Section 1983 makes "persons" acting under the color of law liable for Constitutional deprivations. "Persons" includes local governments whose officials commit constitutional torts "according to municipal policy, practice, or custom." *Weiner v. San Diego Cnty.*, 210 F.3d 1025, 1028 (9th Cir.2000). "Persons" does not include "the State and arms of the State," which receive sovereign immunity from the Eleventh Amendment. *Howlett v. Rose*, 496 U.S. 356, 365 (1990). Since SCDC is an arm of the state, and not a political subdivision or municipality, theories of municipal liability discussed in *Monell v. Department of Social Services*, 436 U.S. 658 (1978) have no application here. *McElrath v. S.C. Dep't of Corr./Golden*, No. 5:13-317-MGL, 2013 WL 1874852, at *2 (D.S.C. May 3, 2013). Specifically, the "Court's holding in *Monell* was limited to local government units which are not considered part of the State for Eleventh Amendment purposes ..." *Quern v. Jordan,* 440 U.S. 332, 338 (1979) (internal citations and quotation marks omitted). Thus, to the extent Plaintiff seeks to assert a § 1983 claim against SCDC, this claim is subject to summary dismissal.

**RECOMMENDATION**

Accordingly, it is recommended that the district court partially dismiss the complaint in this case without prejudice. *See Brown v. Briscoe*, 998 F. 2d 201, 202-204 (4th Cir. 1993). Plaintiff's claims against Defendants Stirling, McCall, Stephon, and Washington are recommended to proceed. As noted above, it is recommended that Defendant SCDC be summarily dismissed without prejudice

4

and without issuance and service of process. In a separately docketed order, the court has authorized the issuance and service of process on the remaining Defendants Stirling, McCall, Stephon, and Washington.

March 19, 2019
Florence, South Carolina

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).