# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### FLORENCE DIVISION

David Keith McElveen,          )
                                         )        Civil Action No. 4:18-cv-03595-JMC
          Plaintiff,      )
                                         )
        v.                    )        **ORDER AND OPINION**
                                         )
South Carolina Department of Corrections,  )
Bryan P. Stirling, Michael McCall, Michael  )
Stephan, Gregory Washington.       )
                                       )
          Defendants.     )
                                       )

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on September 30, 2019. (ECF No. 46.) The Report addresses Plaintiff David Keith McElveen's suit under 42 U.S.C. § 1983 and recommends that the court dismiss the case as to Defendants Bryan Sterling, Michael McCall, Michael Stephan, and Gregory Washington. (ECF No. 46 at 2.) For the reasons stated herein, the court **ACCEPTS** the Report, and **DISMISSES** the case as to Bryan Sterling, Michael McCall, Michael Stephan, and Gregory Washington pursuant to Fed. R. Civ. P. 41(b).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 46.) As brief background, on December 28, 2018, Plaintiff, proceeding *pro se*, filed his Complaint, alleging constitutional violations pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Specifically, in his Complaint, Plaintiff alleges that he was denied access to a shower and, as a result, lost muscle mass. (*Id*.)

On August 5, 2019, Defendants filed their Motion for Judgment on the Pleadings and their Motion for Summary Judgment. (ECF Nos. 39, 40.) On August 6, 2019, the Magistrate Judge issued a *Roseboro* Order (ECF No. 41), which apprised Plaintiff of the procedures surrounding summary judgment. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (requiring the court to provide an explanation of the dismissal and summary judgment procedures to *pro se* litigants). Plaintiff was also informed of the possible consequences if he failed to respond adequately to the motion. (ECF No. 41.) Plaintiff failed to respond.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id*. at 271. As such, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1)..

## III. DISCUSSION

The parties were apprised of their opportunity to file objections to the Report on September 30, 2019. (ECF No. 46.) Objections to the Report were due by October 15, 2019. (ECF No. 46.) However, objections were due by October 18, 2019, if a party was served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. (*Id*.) Neither party filed objections to the report.

In the absence of timely objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Instead, the court must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). After a thorough and careful review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case. (ECF No. 46.) Because there are no objections, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

For the reasons above, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 46). Therefore, the court **DISMISSES** the case as to Bryan Sterling, Michael McCall, Michael Stephan, and Gregory Washington for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Accordingly, the court **FINDS** that Defendants' Motion for Judgment on the Pleadings (ECF No. 39) and Defendants' Motion for Summary Judgment (ECF No. 40) are **MOOT**.

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

February 25, 2020
Columbia, South Carolina